■ In the Matter of the Estate of PATRICIA L. WILLIAMS, Also Known as PATRICE L. WILLIAMS, Deceased. KENNETH L. LE BON, Respondent; LEWIS C. KIRSCHNER et al., Appellants. (And Another Related Proceeding.)—Main, J. P. Appeal from a decree of the Surrogate's Court of Ulster County (Traficanti,

Jr., S.), entered March 20, 1985, which granted petitioner's application to have letters of administration of the estate of Patricia L. Williams issued to him.

The deceased died intestate, leaving a husband, Richard C. Williams, and an infant daughter, Cindy Lee Williams, surviving as her only distributees. Neither Richard Williams, by virtue of his status as a felon, nor Cindy Lee Williams, because of her age, was eligible to be granted letters of administration (see, SCPA 707 [1] [a], [d]). Thereafter, two petitions for such letters were filed in Surrogate's Court. One was submitted by petitioner, Kenneth L. Le Bon, brother of the deceased and uncle of Cindy Lee Williams; the other was filed by Lewis C. Kirschner, the Ulster County Treasurer. Le Bon's petition was followed by a report from the guardian ad litem for Cindy Lee Williams consenting to the issuance of letters to Le Bon. Surrogate's Court, concluding that only the consent of Cindy Lee Williams, through her guardian ad litem, was necessary under SCPA 1001 (6), granted letters of administration to Le Bon pursuant to that statutory provision or, in the alternative, pursuant to SCPA 1001 (8).

Under SCPA 1001 (6), before letters of administration can be issued to an eligible person, such as Le Bon, who is not himself a distributee, consent must be obtained from each eligible distributee and, in the case of an ineligible distributee, from one of the persons listed in the statute who is authorized to consent on his behalf. Here, both distributees were ineligible (SCPA 707 [1] [a], [d]). While Cindy Lee Williams had a guardian who was authorized to and did in fact consent to Le Bon's receiving letters, no such statutorily authorized person existed for Richard Williams. Since SCPA 1001 (6) mandates that consent be received from each and every distributee— whether from the eligible distributee himself or from one authorized by the statute to act on behalf of the ineligible distributee—and, here, such was impossible because Richard Williams had no such authorized person to act on his behalf, Surrogate's Court erred in holding that the consent of Cindy Lee Williams' guardian ad litem alone sufficed for purposes of the statute.

We conclude, likewise, that Surrogate's Court erred in determining that it was empowered to grant letters of administration to Le Bon rather than Kirschner, as chief fiscal officer of Ulster County, under SCPA 1001 (8). That statutory provision "establishes a secondary order of priority among non-distributees and gives the public administrator or [chief fiscal officer] a right to letters *prior* to that of the relatives of the

deceased who are not his distributees" (Goldman, Practice Commentary, McKinney's Cons Laws of NY, Book 58A, SCPA 1001, pp 8-9 [emphasis in original]; *see,* 10A Cox-Arenson-Medina, NY Civ Prac ¶ 1001.08). Thus, upon his petition, Kirschner's right to letters of administration clearly was superior, by virtue of the statute, to that of Le Bon.

Decree reversed, on the law, without costs, petition of Kenneth L. Le Bon dismissed, petition of Lewis C. Kirschner granted and letters of administration of the estate of Patricia L. Williams issued to Lewis C. Kirschner. Main, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur.